UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COREY DAY, ET AL., PLAINTIFFS

VS. CIVIL ACTION NO. 08-094 ML

ASHBEL T. WALL, ET AL., DEFENDANTS

**MOTION FOR SERVICE OF SUMMONS**

Now comes the Plaintiffs, Corey Day, et al., in a motion for service of process of the Summons and Complaint in the above entitled action, by the United States Marshals Service. In support of this motion, the Plaintiffs aver the following:

1. On May 16, 2008, the Plaintiffs delivered a copy of the Complaint along with a Notice of Lawsuit and Request to Waive Service of Summons, and Waiver of Summons forms. All of the five named Defendants in this case were sent a copy of these documents via United States Postal Service Certified Mail. **SEE: APPNDX A.**

2. The Defendants were given the standard 30 days to return the signed waiver of summons. The 30 day time limit for the Defendants to return the signed waiver expired on June 30, 2008. The Defendants have failed to return any of the signed waiver forms as of the present date. **SEE: APPNDX B.**

3. On May 20, 2008, the Rhode Island Department of Correction's Deputy Chief Legal Counsel, Mr. Michael B. Grant, sent a letter to Plaintiff Corey Day, indicating that all correspondence to the Defendants in this case should be directed through his office. **SEE: APPENDIX C.**

4. In accordance with Attorney Grant's letter, Plaintiff Corey Day sent a letter to Attorney Grant, on June 18, 2008, reminding him that the Defendants were due to return their Waiver of Summons forms to the Plaintiffs no later than June 30, 2008. The letter also went on to request that all correspondence to and from the Plaintiffs in this case be directed through the lead Plaintiff and authorized represntative of the Islamic Sunni Ummah, Corey Day. A copy of this letter was filed with the court on the same day. **SEE: APPENDIX D.**

5. Certified Mail return receipts (green cards) have been recieved by the Plaintiffs from all but two of the named Defen-

dants in this case. Defendants Roberta Richman and John Rogers have failed to return the Certified Mail return receipts. However, Defendants Ashbel T. Wall, Warden Weeden, and Deputy Warden Kettle have all returned the Certified Mail green cards. All Defedants were delivered a copy of the Complaint and Notice of Lawsuit and Waiver of Summons forms as the Certified Mail receipts reflect. **SEE: APPENDICES A AND E.**

6. Good faith efforts have been made by the Plaintiffs to provide the Defendants with the opportunity to cooperate in saving unnecessary expenses of serving a summons and complaint.

**WHEREFORE** the Plaintiffs respectfully request that this Honorable Court grant an order for service of the Summons and Complaint upon the Defendants by the United States Marshals Service, and that the Court order the Defendants to pay the cost of the Service of Summons and Complaint.

Respectfully Submitted,

Corey A. Day, et al., ProSe.
P.O. Box 8273
Cranston, RI 02920

Date: 7-2-08

## CERTIFICATION OF SERVICE

I, Corey A. Day, et al., hereby declare under the penalty of perjury pursuant to **28 USCA 1746**, that I mailed a true copy of the enclosed Motion and Memorandum of Law to the United States District Court Clerk's Office, located in Providence, RI, via United States Postal Service First Class Mail.

Corey Day, Pro Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COREY DAY, ET AL., PLAINTIFFS

VS. CIVIL ACTION NO. 08-094 ML

ASHBEL T. WALL, ET AL., DEFENDANTS

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SERVICE OF SUMMONS**

Rule 4 of the Federal Rules of Civil Procedure provides for the well known procedure by which a Plaintiff may request a Defendant to waive the service of a summons in order to save costs.

> **-RULE 4(d) Waiving Service,** states in part:
> **"(1) Requesting a Waiver. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify a defendant that an action has been commenced and request that the defendant waive service of a summons..."**

The Defendants in the above entitled matter were all sent of copy of the Complaint, Notice of Lawsuit and Request for Waiver of a Summons, and Waiver of Summons forms. The Defendants were all served via USPS Certified Mail. The Defendants were given 30 days to return a Waiver of Summons. The 30 day limit has expired as of June 30, 2008, and no Waiver of Summons has been returned to the Plaintiffs.

Rule 4(d)(2) states in part:

> -"**Failure to Waive. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:**
>
> **(A) the expenses later incurred in making service; and**
>
> **(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."**

In light of the Defendants' failure to return the Waiver of Summons, the Plaintiffs request that this Court grant order to effectuate Service of Complaint and Summons upon the Defendants by the United States Marshals Service, and that the court order the Defendants to pay the cost of service in this matter.

Respectfully Submitted,

[signature]

Date: 7-2-08

Corey A. Day, et al.
P.O. Box 8273
Cranston, RI 02920