**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**Corey A. Day, et al., Plaintiffs**

**vs.** **Civil Action No. 08-094ML**

**Ashbel T. Wall, et al., Defendants**

**MOTION FOR JUDGEMENT OF DEFAULT**

Plaintiffs move this court for a judgement by default in this action, and show that the complaint in the above case was filed with this court on approximately February 28, 2008.

A Notice of Lawsuit and Request for Waiver of Service of Summons was delivered to each of the Defendants: Ashbel T. Wall, Roberta Richman, Warden Weeden, Deputy Warden Kettle, and John Rogers, on May 18, 2008.

No waiver of service of summons has been returned from the Defendants as of date, and the Plaintiffs are unable to effectuate service through any other means on their own. Certified mail receipts clearly indicate that all of the Defendants have recieved a copy of the complaint, notice of lawsuit, and request for waiver of service of summons. **(See attachment.)**

On approximately July 7, 2008, the Plaintiffs filed a motion with the court requesting that service be effectuated upon the Defendants by the United States Marshals Service, at the expense of the Defendants, pursuant to Rule 4 of the Federal Rules of Civil Procedure. The Plaintiffs have not received a

response to that motion as of the current date.

In light of the fact that the 120 day period the Plaintiffs have to effectuate service of process will expire on approximately September 1, 2008, the Plaintiffs are filing the current motion for default judgement.

The Defendants are not in the military service and are not an infant or incompetent as appears in the declaration of the Plaintiffs submitted herewith.

In the alternative the Plaintiffs ask that pursuant to Federal Rule of Civil Procedure 23(g) class counsel be appointed to represent the class. Federal Court rules require that a prisoner cannot represent a class action under any circumstance. The people who bring a class action must be able to fairly and adequately protect the interests of the class.

Protecting the interests of the class requires resources that are not available to prisoners, such as a staff of investigators, acess to a complete law library, and the opportunity to interview potential witnesses scattered throughout the state. As a result, even our District Court local rules require that an attorney be appointed to represent a class, as no prisoner is allowed to represent any other group of prisoners in a class.

The Plaintiffs have exhausted the extent of their legal competency and are no longer sure of how to litigate this case due to the increasing complexity of law and court procedure that Plaintiffs simply can no longer comprehend.

The Plaintiffs request that class counsel be appointed pursuant to Rule 23(g), and that an extension of the 120 day time limit to effectuate service be granted so that class counsel may properly assist the Plaintiffs in effectuating service through whatever means the court may make availalble.

**WHEREFORE**, plaintiffs move that this court make and enter a judgement of default ordering the Defendants to :

1. Provide the plaintiffs with meals that meet adequate nutrition standards and are in accordance with the dietary laws of the Plaintiffs' sincerely held religous beliefs. Including serving the Halal (Islamically Lawful) meat that is required by the Plaintiffs' religon, and not just an inadequate meat substitute that does not even meet the most basic standards of nutrition.

2. Allow the Plaintiffs to pray openly in accordance with their religous beliefs, in the yard, gym, activities building, cell block, recreation areas, Mosques, and in the Plaintiffs' cells. As well as allowing the Plaintiffs to access the prison Mosque during recreation periods, when the time for the Plainti-ffs' prayers come in during those recreation periods.

3. Allow the Plaintiffs to wear their religous Kufi (head covering), is is obligatory in their religon. Just as other groups are allowed to wear their religous decorum, and as other inmates are allowed to wear base-ball hats, knit hats, etc..

4. Compensatory damages in the form of returning back to the

policy of serving Halal (Islamically Lawful) food to the Muslims and not just an inadequate meat substitute.

5. Punitive damages in the amount the Honorable Court finds just and proper against the Defendants jointly and severally.

6. A permanent injunction against the Defendants on items 1-5 listed above.

7. Plaintiffs' costs in this suit.

8. Any additional relief this court deems just and proper and equitable.

In the alternative, the Plaintiffs move this court to appoint class counsel and also grant an extension of time beyond the 120 day limit with which to effectuate service of process.

Respectfully Submitted,

Corey A. Day, et al.
P.O. Box 8273
Cranston, RI 02920

Date: 8/2/08