**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN EVORA, ET AL**

**v.** **No. 08-094 ML**

**ASHBELL T. WALL, ET AL**

**MOTION TO DISMISS**

Now come the Defendants Ashbel T. Wall, James Weeden, Matthew Kettle, Roberta Richman, and John Rogers and move to dismiss the instant complaint pursuant to Fed. R. Civ. P. 12(b)(6) as and for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

DEFENDANTS
By their Attorney,
/S/ Michael B. Grant

______________________
Michael B. Grant, Bar No. 3864
Deputy Chief Legal Counsel
R.I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
TEL: (401) 462-2910
FAX: (401) 462-2583

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the within Memorandum of Law in Support of Motion to Dismiss was mailed, on this 21st day of August, 2008, to Juan Evora, et al., P.O. Box 8273, Cranston, Rhode Island 02920.

/S/ Michael B. Grant

______________________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN EVORA, ET AL**

**v.** **No. 08-094 ML**

**ASHBELL T. WALL, ET AL**

**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

Plaintiffs' Complaint[1], pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, alleges the Defendants acting under the color of state law in conspiring to deprive the Plaintiffs' rights under the First, Eight, and Fourteenth Amendments. Plaintiffs allege that they are all Sunni Muslims incarcerated at the Maximum Security Facility at the Rhode Island Department of Corrections (hereinafter "DOC"). The complaint sets forth numerous and diverse allegations relating to their faith. The pro se Complaint, fairly read and liberally construed, contains the following, central allegations:

- Plaintiffs are Muslims with dietary laws that prohibit them from consuming meat that is not Halal (authorized by Islamic law), as well as any food that has touched meat that is not Halal.
- In response to the Muslim dietary prohibitions, inmates are being served meals that consist of cheese, bread, and a vegetable.

[1] Corey Day, one of the Plaintiffs in the instant case, has subsequently filed a separate case as sole plaintiff with the United States District Court for the District of Rhode Island, C.A. No. 08-161 ML. In his individual case, Day asserts similar claims against the same Defendants as those asserted here. Day has filed a voluntary motion to dismiss himself from the instant case which has not been addressed by this Honorable Court. See Complaint, Appendix A.

- The inmates have no way of knowing that the food they are eating has not been contaminated by unlawful meat products.
- Plaintiffs are allowed to pray in the mosque only when a civilian clergyman is present.
- Plaintiffs are not allowed to congregate in the yard to exercise their religion, nor in the library for religious study.
- Plaintiffs are being harassed and insulted by unnamed staff at the prison.
- Plaintiffs are being threatened with punishment by unnamed correctional officers if they openly practice their religion.
- Plaintiffs are allowed to wear their Kufis, a type of skull-cap, only inside of their cells or inside of the mosque.

## ARGUMENT

### A. Rule 12(b)(6) Standard

Federal Rules of Civil Procedure 12(b)(6) allows for the dismissal of actions which fail to state a claim upon which relief can be granted. The Court must accept the claims within the complaint as true, and view these facts in the light most favorable to the plaintiff. Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). A motion to dismiss under Rule 12(b)(6) is granted if it appears beyond a doubt that the plaintiff can provide no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Under a Rule 12(b) (6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. Id. For the reasons set forth, Plaintiffs have not factually supported

their claims against the Defendants; and therefore, have not stated a claim for which relief can be granted.

**B. Rule 56(c) Standard**

Federal Rules of Civil Procedure 56(c) grants summary judgment where the pleadings are found to contain no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. This Honorable Court must examine the pleadings and affidavits in the light most favorable to the non-moving party and summary judgment is proper when there is no ambiguity as a matter of law. Absi v. State Dept. of Admin., 785 A.2d 554, 555 (R.I. 2001). Moreover, the moving party is entitled to judgment as a matter of law when the non-moving party has failed to make sufficient showing on an essential element of their case with respect to which they have the burden of proof. Celotex v. Catrett, 477 U.S. 317, 323 (1986). Defendants here are entitled to a judgment as a matter of law because the Plaintiffs' pleadings and affidavits have failed to make a sufficient showing of the essential elements in support of their allegations.

**C. Rule 8(a) Standard**

Federal Rules of Civil Procedure 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint should give the Defendant fair notice of what the claims are, and the grounds upon which the claims rest. Conley, 355 U.S. at 47. In this Complaint, the Plaintiffs have failed to set forth a claim in clear and concise terms against these Defendants.

The factual averments asserted in the instant complaint are found in a number of individual affidavits signed by the various respective Plaintiffs. These affidavits do not identify or connect any factual predicate to any particular identifiable Defendant. The affidavits simply allege acts of wrongdoing and refer to "Defendants" as being responsible. Following the

affidavits, in the "Claims" section of this Complaint, the Plaintiffs identified and named each of the individual Defendants, and urge that they are responsible for all the unlawful actions outlined in their affidavits. See Complaint ¶ 159. However, the affidavits themselves, which outline the facts alleged, do not contain any direct reference to any specific and identifiable Defendants. For example, Plaintiffs in their affidavits make references to corrections staff "making degrading comments against Muslims" on a daily basis. See Complaint ¶¶ 69, 73. Plaintiffs also provide broad allegations that the Defendants are in the routine habit of practicing reprisal tactics through the threats of punitive segregation and unjustifiable taking of good time when the Plaintiffs openly practice their religion. See Complaint ¶ 157. Yet, the Plaintiffs never identify which Defendants they are referring to, thereby leaving the individual Defendants with the inability to receive fair notice of the exact claim(s) asserted against them, and the grounds upon which the claims rest.

In the few instances where the Complaint does identify a Defendant by name, there are no allegations that said Defendant's action was in violation of the Plaintiffs' civil rights. For example, in Plaintiff Day's affidavit, paragraph 144 of the Complaint, he claims that Director Ashbel T. Wall was sent a letter outlining the same allegations made in this Complaint, and Day never received a response from the Director. However, neither the Complaint, nor the Appendix B attached to the Complaint, make an allegation that Director Wall caused the violations complained about. See Complaint; Appendix B. Therefore, this claim does not factually demonstrate Plaintiffs are entitled to relief.

**D. 42 U.S.C §§ 1983, 1985 and 1986 Standards**

Plaintiffs bring this action under 42 U.S.C. § 1983, where the conduct complained of must be committed by a person acting under the color of state law and the conduct must have

deprived the Plaintiffs of their constitutional rights or a federal statutory right. Gomez V. Toledo, 446 U.S. 635, 640 (1980). Although the Defendants are acting under the color of state law, Defendants urge that the facts alleged in this Complaint to not rise to the level of a violation of Plaintiffs' rights under the First, Eighth and Fourteenth Amendments.

Under 42 U.S.C. § 1985 there must be factual allegations that a conspiracy has occurred. Specifically, the Plaintiffs must allege facts that prove "(1) the defendants conspired against [plaintiffs] because of [plaintiffs'] membership in a class and (2) the criteria for defining the class are invidious." See Evora v. Wall, No. A06-94S., 2007 WL 779586, at *8 (D.R.I. Mar. 13, 2007) (quoting Hahn v. Sargent, 523 F.2d 461, 469 (1st Cir. 1975)). The Plaintiffs have not set forth any factual allegations that allege the existence of a conspiracy among the defendants to deprive the Plaintiffs of their rights because of membership in a class, or that the criterion for defining the class was invidious. This Honorable Court has ruled that a Section1985 claim must show factual allegations of a conspiracy, or the complaint will be dismissed. See Hewes v. Wall, No. C.A.00-205 S., 2003 WL 751027, at *4 (D.R.I. Feb. 11, 2003); Austin v. RI. Dept. of Corrections, No. 00-104T., 2001 WL 1136101, at *6 (D.R.I. Aug. 24, 2001).

Finally, 42 U.S.C. § 1986 should be dismissed, because the statute requires a showing of a conspiracy pursuant to Section 1985 before Section 1986 may be considered. Section 1986 provides for relief where there is a showing that there was knowledge of a conspiracy about to take place, but a person in position to aid the Plaintiff either refuses or neglects to take action to prevent the wrongful act from being committed. Plaintiffs have failed to provide any allegations that any of the Defendants even knew of a conspiracy taking place, let alone that the Defendants refusal or negligence in preventing wrongful acts in consequence of an alleged conspiracy.

E. FIRST AMENDMENT CLAIMS

Plaintiffs allege that certain prison regulations are impinging on their right to practice their religion. In particular, Plaintiffs allege:

- Plaintiffs allege that regulations against unauthorized large group assembly infringes on their desire to religious study and daily prayers.
- Plaintiffs' religion forbids them from eating meat that is not Halal; that the no-meat diet the Defendants offer them is insufficient.
- Plaintiffs claim that the regulations against wearing Kufis outside of their cells or the mosque is infringing on the practice of their faith.

1. GROUP ASSEMBLY

To assert a claim under the Free Exercise Clause of the First Amendment, Plaintiffs must establish that that a prison regulation or practice violates the "reasonableness test." See O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987); Turner v. Safley, 482 U.S. 78, 89 (1987). In Turner, the Court held that when determining the constitutionality of prison rules, a lesser standard of scrutiny is appropriate, and there is reason to accord deference to the appropriate prison authorities. 482 U.S. at 81, 86. The Court ruled that in judgments regarding prison security, the standard is whether a prison regulation that burdens the fundamental rights of the inmate is reasonably related to legitimate penological objectives. Id. at 87.

The legitimate penological objective of safety has been given deference by the courts. See O'Lone, 482 U.S. at 348; Turner, 482 U.S. at 86. Plaintiff Alvin Smith, in his affidavit which was submitted in support of the Complaint, claims that Warden James Weeden prohibited inmates from gathering as a group in the library. Courts have allowed prison officials to place

reasonable limitations on library access in the interest of the secure and orderly operation of the institution. See Bell v. Wolfish, 441 U.S. 520, 545-48 (1979); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987).

Moreover, as cited in Appendix C of the Complaint, Deputy Warden Matthew Kettle's memorandum explains that any unauthorized assembly of a large group of inmates presents a legitimate security concern, and may be in violation of the inmate disciplinary code. Assuming the Plaintiffs' intent is to exercise their right to practice their religion, their assembly as a large group in exercising this right causes a security concern, unless it takes place in an authorized manner. In fact, Plaintiffs are given an alternative to unauthorized group assembly by being permitted group access to the prison mosque when an authorized civilian clergyman is present. See Complaint ¶¶ 41, 92, 135.

2. RELIGIOUS DIET

Additionally, the United States Supreme Court has held that a prisoner's First Amendment Rights may be restricted if, as here, prison regulations operate in a neutral fashion. Turner, 482 U.S. at 90. The no-meat diet that the Defendants provide has been implemented in a neutral manner. In ¶ 146 of the Complaint, Plaintiffs reference Appendix H, which claims that, through an internal memo, Ashbel T. Wall, Roberta Richman, and John Rogers were aware that Muslims were to be provided with "a diet sufficient to sustain a prisoner in good health." Appendixes H through J acknowledge that if an inmate requests the no-meat diet for religious or other reasons, a protein alternative will be provided that meets nutritional guidelines. In addition, the item containing meat is to be kept from the tray, and in substitution a protein alternative, such as cheese, fish, beans, or egg salad, will replace this meat item. See Appendix H. Thus, the appendixes offered by the Plaintiffs demonstrate the that the alternative diet offered by

Defendants are extended to all inmates and not just Plaintiffs or others who practice their faith and accordingly Defendants can prove no set of facts entitling them to relief pursuant to their First amendment claims.

3. KUFIS

Lastly, Plaintiffs allege that Defendants deny them the right to express their faith openly by denying them to wear Kufis, when they allow Catholics and Christians to openly wear rosary beads and crosses. However, Plaintiffs fail to identify any Defendant that has participated in, or made any factual allegation that supports a finding of said denial. Plaintiffs have failed to provide a short and plain statement of this claim that shows the Plaintiffs are entitled to relief, while giving fair notice to any particular Defendant of what the claim is. Certainly all the Defendants could not have been involved in a decision to deny Plaintiffs to wear Kufis, as Defendant Rogers is the Associate Director of Food Services having nothing to do with making decisions relative to the clothing that inmates are permitted to wear. See Complaint ¶ 20. Therefore, this claim should be dismissed. See Fed. R. Civ. P. 8(a).

F. FILING GRIEVANCES; DENIAL OF RELIGIOUS DIETARY REQUIREMENTS; DENIAL OF OPEN EXPRESSION OF RELIGIOUS BELIEFS

Plaintiffs allege the following:

- Unnamed Defendants threaten punishment of punitive segregation if Plaintiffs file or seek to file a grievance in violation of their First, Eighth and Fourteenth Amendment rights, Complaint, ¶ 154; Plaintiff Corey Day alleges that he was refused grievance forms and he was "completely blocked" by Defendant Kettle and the Prison Grievance Coordinator, who is not

named as a Defendant in this action, from resolving matters within the Prison Grievance system. See Complaint ¶ 143.

- Defendants are denying the Plaintiffs their religious dietary requirements for no other reason than the fact Defendants are biased, racist, and prejudicial in violation of their Eighth and Fourteenth Amendment rights. See ¶ 156.

- Plaintiffs feel they cannot congregate and openly express their religious beliefs without being beaten, sprayed with mace, or having their Islamic material seized and destroyed in violation of their First, Eighth and Fourteenth Amendment rights; See ¶ 157.

1. FIRST AMENDMENT RIGHT OF PETITIONING THE GOVERNMENT FOR REDRESS OF GRIEVANCES

Plaintiffs' claim of denial of access to grievance forms is without foundation. In the Complaint, ¶ 143, Plaintiff Corey Day claims that he was refused grievance forms and he was "completely blocked" by Defendant Kettle and the Prison Grievance Coordinator, who is not named as a Defendant in this action, from resolving matters within the Prison Grievance system. The Complaint, ¶ 154, also alleges Defendants threaten him with punitive segregation if Plaintiffs file or seek to file grievances. These claims appropriately invoke the First Amendment right of petitioning the Government for redress of Grievances. For the Plaintiffs to show their rights of access to the courts were violated, they must prove actual injury, which has not been alleged in the instant case. See Lewis v. Casey, 518 U.S. 343, 351, 353 (1996) (ruling that in order to claim a violation of right of access to the courts, the inmate must demonstrate that his ability to present a "non-frivolous" claim has been frustrated or impeded by prison practices thereby causing actual injury, or hindering efforts to pursue a legal claim); Abreu v. Ramirez, 284 F. Supp. 2d 1250, 1258-59 (C.D. Cal. 2003) (holding that the failure of prison officials to respond to inmate's grievances was not enough to sustain a claim for denial of access to the

courts; even if the inmate was denied "exhaustion" through the prison grievance system, this does not prove any actual injury). Accordingly, the Plaintiffs' allegations in the instant case that Defendant Kettle denied grievance forms to Plaintiff Day does not state a claim as Plaintiff can prove no set of facts establishing actual injury.

Similarly, Plaintiffs' claim of being threatened with segregation if they file grievances also fails to state a claim in that there has been no allegation outlining an actual injury and Plaintiffs fail to identify any named Defendant involved. Said claim also fails to state a claim under the Eighth Amendment as Courts have held that mere threats or callous comments towards a prisoner do not violate the Cruel and Unusual Punishment Clause. See Keenan V. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (Court held that disrespectful and "assaultive comments" by prison guards towards an inmate did not violate the Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (Court ruled that mere threats of bodily harm by prison guards against an inmate "trivializes the Eighth Amendment" if believed that a threat could amount to a constitutional wrong).

2. DENIAL OF RELIGIOUS DIETARY REQUIREMENTS

Plaintiffs allege that Defendants are denying their right to nutritious meals on the grounds that they are racists and bias against the Muslim population in violation of the Eighth and Fourteenth Amendments. Plaintiffs wrongfully invoke the Eighth and Fourteenth Amendments. Plaintiffs again fail to identify any named Defendant responsible for the alleged wrong. Plaintiffs do allege in the Complaint that Defendants Wall, Richman and Rogers had knowledge that by Law they had to provide Plaintiffs with a diet sufficient to sustain the prisoners in good health. By implication Plaintiffs seem to be asserting that said knowledge by these Defendants violates the Eighth Amendment. See Complaint ¶ 146. This assumption is misplaced and there

are no allegations asserted that would prove that Plaintiffs are malnourished and that the Defendants knew of this and were deliberately indifferent to the same. Essentially, no wrong has been alleged against any identified Defendant.

Plaintiffs dietary allegations do not state a claim under the Fourteenth Amendment. Although prisoners retain certain constitutional rights while incarcerated, these rights are subject to necessary limitations and restrictions justified by correctional goals of internal security and the maintenance of order. See Bell, 441 U.S. at 545-47; Pell v. Procunier, 417 U.S. 817, 822-23 (1974). Only where the prison restriction is found to impose an "atypical and significant hardship" on the inmate within the ordinary incidents of prison life, will there be a violation of the Due Process Clause of the Fourteenth Amendment. Sandin v. Connor, 515 U.S. 472, 484 (1995). Plaintiffs can prove no facts in support of an atypical and significant hardship relative to this claim and therefore it must be dismissed.

3. DENIAL TO CONGREGATE AND OPENLY EXPRESS RELIGIOUS BELIEFS.

Plaintiffs allege they cannot congregate and openly express their religious beliefs without being beaten, sprayed with mace, or having their Islamic material seized and destroyed in violation of their First, Eighth and Fourteenth Amendment rights; Plaintiffs also allege they are subject to racist comments by unnamed staff, are fearful of being assaulted or having their Islamic property taken if they openly practice their faith. See ¶ 157.

Again, Plaintiffs fail to identify any Defendant that has participated in the alleged conduct. Plaintiffs have failed to provide a short and plain statement of the claim that shows the Plaintiffs are entitled to relief, while giving fair notice to the Defendants of what the claims are. See Fed. R. Civ. P. 8(a).

Relative to the establishment of policies that restrict the Plaintiffs' free exercise of religion, the courts have ruled that deference is afforded prison officials to restrict constitutional rights if they involve prison security, as long as the officials have not exaggerated their response to prison concerns. <u>See</u> <u>Turner</u>, 482 U.S. at 86; <u>Bell</u>, 441 U.S. at 547-48. Unauthorized congregations of large groups pose a legitimate security concern in prison, and the restrictions against them, even if it is to pray in the yard or to study Arabic for religious purposes in the library, poses a security risk that is not exaggerated. <u>See</u> Complaint, Appendix C. Defendants, as per the Complaint, do allow Inmates to pray together in the prison Mosque. Therefore, as a matter of law, restrictions on unauthorized assembly for religious purposes are reasonably related to prison security concerns, and not in violation of the First or Fourteenth Amendments.

In conclusion, with respect to these claims, there are no factual allegations that identify any particular Defendant which amount to a denial to any measure of life's necessities, nor is there a showing of deliberate indifference or a deprivation of Due Process on the part of any prison official to the Plaintiffs' health or safety.

Plaintiffs also fail to identify any named defendant responsible for implementing the no-meat diet on the basis of bias toward Muslims. Plaintiffs generally allege that the prison is doing so out of racism. This allegation also must fail for the foregoing reasons.

G. <u>FOURTEENTH AMENDMENT</u>

In their Complaint, the Plaintiffs allege the following Fourteenth Amendment violations by the Defendants:

- Routine reprisal tactics, with threats of punitive segregation for no other reason than that the Plaintiffs are Muslim.
- Establishment of unwritten policies which prohibited their exercise of religion.

- Lack of access to prison grievance forms, and threats of punishment of punitive segregation if any Plaintiffs file or seek to file a grievance.

Although prisoners retain certain constitutional rights while incarcerated, these rights are subject to necessary limitations and restrictions justified by correctional goals of internal security and the maintenance of order. See Bell, 441 U.S. at 545-47; Pell v. Procunier, 417 U.S. 817, 822-23 (1974). Only where the prison restriction is found to impose an "atypical and significant hardship" on the inmate within the ordinary incidents of prison life, will there be a violation of the Due Process Clause of the Fourteenth Amendment. Sandin v. Connor, 515 U.S. 472, 484 (1995). Plaintiffs fail to identify any single Defendant responsible for the actions resulting in the alleged violations and accordingly these claims should be dismissed.

H. EQUAL PROTECTION

Although Plaintiffs make several references in their complaint to the Equal Protection Clause, the complaint is completely silent in making any connection between any single identifiable defendant and a specific factual allegation of an equal protection denial. For instance, the Complaint states generally that no law shall deny any person equal protection of the laws; that the actions of the Defendants as alleged in the complaint violates Equal Protection; See ¶¶ 152 and 161. To assert an Equal Protection violation of the Fourteenth Amendment, Plaintiffs' must demonstrate that there was selective treatment based on considerations such as race, gender, or religion, where this treatment was purposefully or intentionally directed at the identifiable class. See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 264-65, (1977); Bizzarro v. Miranda, 394 F.3d 82, 86 (2nd Cir. 2005). Again, Plaintiffs have failed to provide a short and plain statement of the claim that shows the Plaintiffs are entitled to relief,

while giving fair notice to the Defendants of what the claims are as to each individual Defendant. See Fed. R. Civ. P. 8(a). Therefore, the claims under the Equal Protection Clause should fail.

## CONCLUSION

For the reasons set forth, the Rule 12(b)(6) Motion to Dismiss filed by the Defendants, Ashbel T. Wall, James Weeden, Matthew Kettle, Roberta Richman, and John Rogers should be granted; Plaintiffs' Complaint by Juan Evora, Corey Day, Omar Austin, James Barnes, Tracy Barros, Dandridge Catus, Alvin Smith, Marvin Rubio, James Hundley, Gary Gromkievicz, Carlos Ocasio, Shea Cooke, Terry Griffin, and Simeon Briggs should be dismissed.

Respectfully submitted,

DEFENDANTS
By their Attorney,
/S/ Michael B. Grant

______________________________
Michael B. Grant, Bar No. 3864
Deputy Chief Legal Counsel
R.I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
TEL: (401) 462-2910
FAX: (401) 462-2583