UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ISLAMIC SUNNI UMMAH, ET AL.

VS. C.A.No. 08-094ML

ASHBEL T. WALL, ET AL.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

The Plaintiffs have requested class certification pursuant to Fed.R.Civ.P. 23. Rule 23 states that "the court must-at an early practicable time-determine by order whether to certify the action as a class action."

Fed.R.Civ.P. 23(a) identifies the prerequisites to a class action as follows:

> **"One or more members of a class may sue or be sued as representative parties on behalf of all only if (1)the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4)the representative parties will fairly and adequately protect the interests of the class."**

The instant case involves 15 Muslim inmates at the Adult Correctional Institution, who have filed a §1983 claim, alleging violations of their First, Eigth, and Fourteenth Amendment Rights. Plaintiffs allege, inter alia, that they have been denied the right to pray, access the prison mosque, wear their religous kufi, and consume a diet in conformance with their religous beliefs.

There are approximately 200 Muslim inmates at the Adult Correctional Institution, and joinder of such a class of prisoners would be very impracticable. All Muslim inmates at the A.C.I. share the exact same questions of law or fact common to the class. All Muslim inmates at the A.C.I. are being denied the

right to wear their religous kufi, access the prison mosque, pray openly in accordance with their faith, and consume a diet in conformance with their religous beliefs. The claims of the representative party cover the appropriate issues of law that are typical to this type of civil rights action and are typical to the claims of the class. Lastly, the representative party currently consists of 15 plaintiffs, all Muslim inmates, who, with the appointment of class counsel, will be able to fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(b) goes on to say that"An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of seperate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests ;or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with repect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the contorversy. The matters pertinent to the findings include: (A) the interst of members of the class in individually controlling the prosecution or defense of seperate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

In the instant case, the Plaintiffs clearly meet the criteria for a maintainable class under either of the three prerequisite categories of Rule 23(b) for which a class may be certified.

The adjudication of any one person's claims within this class action would be dispositive of the interests of the other members not parties to the adjudication. As mentioned earlier, all class members share exactly identical claims and would all require the exact same relief to satisfy those claims to end the constitutional violations against them.

The party opposing the class (Department of Corrections) has acted or refused to act on grounds generally applicable to the class in denying Muslim inmates the free exercise of their religon. Consequently, final injunctive relief or corresponding declaratory relief with respect to the class as a whole would be appropriate.

The same questions of law and fact are indentically the same to all members of the class, as previously mentioned herein. A class action would be superior to any other method available for the fair and efficient adjudication of the controversy. Because all members of the class are prisoners, unique difficulties would otherwise be encountered in the fair and efficient adjudication of the same exact controversy, which could be easily remidied by certification of the class.

The Plaintiffs have made an adequate showing for meeting the prerequisites for certification of a class pursuant to Rule 23. Plaintiffs repsectfully request that this court grant class certification pursuant to Rule 23 in the interest of justice, efficiency, and fairness to all parties involved.

Consequently, Plaintiffs request that this Honorable Court appoint class counsel pursuant to Rule 23(g)(1), which states:

**"(A) Unless a statute provides otherwise, a court that certifies a class must appoint class counsel."**

Accordingly, class counsel should be appointed.

**WHEREFORE**, the Plaintiffs pray that this Honorable Court grant the relief sought.

Respectfully Submitted,

Corey A. Day

Corey Day, et al.
P.O. Box 8273
Cranston, RI 02920

Date: 9/4/08

**CERTIFICATION OF SERVICE**

I, Corey A. Day, et al., hereby swear under the penalty of perjury, pursuant to **28 USC § 1746**, that I mailed a true copy of this memorandum to the Defendants' attorney, Michael B. Grant, Esq., located at Administration A Building, 40 Howard Avenue, Cranston, RI 02920, on 9/4/08.

Corey A. Day