UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COREY DAY, JUAN EVORA, et al.

v.                                                                                                          C.A. NO. 08-94 ML

ASHBEL T. WALL, et al.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiffs, *pro se*, are 15 current or former inmates in the custody of the Rhode Island Department of Corrections in Cranston, Rhode Island. They allege that they are Muslims and the named defendants are violating their civil rights by actions including: (i) refusing to serve meals in accordance with the dictates of Islam; (ii) obstructing the performance of their daily prayer; (iii) harassing them because they are Muslim; and (iv) prohibiting them from wearing skull caps as required by Islam. Presently before the Court are two motions filed by one plaintiff allegedly on behalf of all 15 plaintiffs: (i) a motion for judgment by default (Docket # 19) and (ii) a motion for class certification (Dockets # 22). Defendants have objected to the motion for class certification (Docket # 23). These matters have been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that both motions be DENIED without prejudice.

I.     PRELIMINARY PROCEDURAL ISSUE

As a preliminary procedural matter, I note that plaintiffs' motions were signed by only Corey Day, one of the 15 co-plaintiffs. By law, an individual may appear in federal courts only *pro se* or through legal counsel. 28 U.S.C. s 1654. *Pro se* litigants may not appear for others in federal courts, and thus plaintiff Day, who is not an attorney, lacks the representative capacity to

1

file motions and other documents on behalf of the other plaintiffs. *See Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("federal courts have consistently rejected attempts at third-party lay representation"). Further, Rule 11(a) of the Federal Rules of Civil Procedure (the "Federal Rules") requires that, if a party is not represented by an attorney, the party must sign every pleading, written motion, and other paper. The rule directs that "an unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Fed.R.Civ.P. 11(a). In the case of multiple *pro se* plaintiffs, each plaintiff must sign each pleading, written motion and other paper. *See cf., e.g., Casanova v. Dubois*, 289 F.3d 142 (1st Cir. 2002)(all defendants required to sign notice of appeal). Nonetheless, I have reviewed these motions because I believe it would be futile for plaintiffs to re-file such motions with signatures of all co-plaintiffs at this time.

## II. MOTION FOR JUDGMENT BY DEFAULT

Plaintiffs filed a motion for judgment by default against the defendants pursuant to Federal Rule 55 for failing to respond to plaintiffs' request for waiver of service of process. Defendants are not required to waive service of process. Fed.R.Civ.P. 4(d). Additionally, after plaintiffs filed their motion for judgment by default, defendants made an appearance in the case by filing a motion to dismiss (Docket # 20). Accordingly, as defendants are actively defending against this action, I recommend that plaintiffs' motion for judgment by default be **DENIED** at this time.

## III. MOTION FOR CLASS CERTIFICATION

Federal Rule 23(a) requires that parties seeking class certification demonstrate: (1) the class is so numerous that joinder of all parties is impracticable; (2) the controlling questions of law or fact must be common to the class; (3) the claims and defenses of the representative parties

are typical of those of the class; and (4) the representative party or parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). The burden is on the parties seeking class certification to establish their right to do so. *See Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 38 (1st Cir. 2003).

Non-attorney plaintiffs appearing *pro se*, as is the case here, may not adequately represent and protect the interests of a class. See *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)(holding that class representatives cannot appear *pro se*); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 162 (5th Cir. 1995)(stating that "because [the plaintiff] is proceeding *pro se* and his own complaint failed to state a cause of action, his ability to serve as an adequate representative of the class is dubious"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(denying certification of a class with a *pro se* representative because "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others"); *Avery v. Powell*, 695 F.Supp. 632, 643 (D.N.H. 1988)(denying class certification because "[a] *pro se* plaintiff may not possess the knowledge and experience necessary to protect the interests of the class as required by Rule 23(a)(4)").

Plaintiffs recognize the need for counsel to represent a certified class. They filed two motions for the appointment of counsel (Dockets ## 21 & 22). However, in a Memorandum and Order filed simultaneously herewith, I denied plaintiffs' request for appointment of counsel in accordance with federal law regarding the same. Alternatively, plaintiffs point to Federal Rule 23(g), which states, in part, "Unless a statute provides otherwise, a court that certifies a class must appoint class counsel." Fed.R.Civ.P. 23(g)(1). Plaintiffs suggest that the Court must appoint them counsel under Rule 23(g) if it finds that the other requirements of class certification are met. However, plaintiffs misread the rule. Federal Rule 23(g) instructs federal courts that

have certified a class to choose counsel to represent the class from among counsel representing the parties that make up the class; it does not require courts to appoint free counsel to a proposed class. *See Blosser v. Land*, 2008 WL 795748 (E.D.Mich. 2008)("[C]ontrary to Plaintiff's assertion, Federal Rule of Civil Procedure 23(g)(2) does not require the appointment of counsel when a *pro se* plaintiff moves for class certification"). Accordingly, I recommend that plaintiffs' motion for class certification be **DENIED** at this time.

## IV. CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (*per curiam*); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

/s/ Jacob Hagopian
Jacob Hagopian
Senior United States Magistrate Judge
October 14, 2008